UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRACY MARIE HILL,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | CASE NO. 13-cv-05903 RBL<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: July 11, 2014 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* Dkt. Nos. 18, 20, 21).

After considering and reviewing the record, the Court finds that the ALJ provided legally insufficient reasons to reject the medical opinion of consultative psychiatric examiner Jennifer Irwin, MD, who opined that plaintiff had a substantial loss in the

ability complete a normal workday or workweek without interruption from a psychiatric condition.  Dr. Irwin's opinion is significant because the vocational expert testified that this limitation was inconsistent with the ability to retain an unskilled job.

## BACKGROUND

Plaintiff, TRACY MARIE HILL, was born in 1972 and was 39 years old on the alleged date of disability onset of January 16, 2012 (*see* Tr. 203, 207). Plaintiff dropped out of high school in the ninth grade, but did get her GED (Tr. 60).  She took two years of college courses, and has a CNA certificate and a phlebotomy certificate (*id.*).   Plaintiff worked as a waitress, phlebotomist and caregiver (Tr. 231).  She was last employed as a caregiver in an assisted living facility but was terminated (Tr. 63).

The ALJ determined that plaintiff has at least the severe impairments of "major depressive disorder, post-traumatic stress disorder, alcohol abuse, personality disorder, anxiety disorder, and obesity (20 CFR 404.1520(c) and 416.920(c))" (Tr. 36).

At the time of the hearing, plaintiff was living with her 21 year old daughter and 16 year old son (Tr. 61).

## PROCEDURAL HISTORY

After filing applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 203-06, 207-12; *see also* Tr. 84-93, 94-103, 106-117, 118-129), plaintiff's requested hearing was held before Administrative Law Judge David Johnson ("the ALJ") on January 17, 2013 (*see* Tr. 55-

81). On February 11, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 31-54).

On August 14, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 13-19). *See* 20 C.F.R. § 404.981.

Defendant summarized the issues raised by plaintiff in her Opening Brief as follows:   (1) Whether or not the ALJ properly evaluated the opinion of plaintiff's treating source, Lorraine Barton-Haas, MD; (2) Whether or not the ALJ properly rejected the opinions of examining sources, Jennifer Irwin, MD, and Terilee Wingate, PhD; (3) Whether or not the ALJ's decision was based on substantial evidence even though plaintiff subsequently submitted additional evidence that the ALJ did not consider; (4) Whether or not the ALJ properly discounted the credibility of plaintiff's subjective complaints; (5) Whether or not the Commissioner met her burden at step five of the sequential evaluation process; and (6) Whether or not the proper remedy would be a remand for further proceedings (*see* Defendant's Brief, Dkt. No. 20, pp. 1-2).

<h3 style="text-align:center">STANDARD OF REVIEW</h3>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 3

## DISCUSSION

(1) **Whether or not the ALJ properly rejected the opinion of consultative psychiatric examiner Jennifer Irwin, MD.**

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence to reject the medical opinion of consultative psychiatric examiner Jennifer Irwin, MD, who opined that plaintiff had marked limitations in several areas of work related functioning, and a global assessment of functioning ("GAF") score of 50, indicating serious symptoms or serious impairment in social, occupational or school functioning.  *See* American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") 34 (4th ed. 2000).  To the extent that Dr. Irwin's opinions were not accommodated by the residual functional capacity ("RFC") finding, the ALJ offered three reasons to reject Dr. Irwin's opinion: (1) Dr. Irwin's opinion regarding plaintiff's functional limitations was internally inconsistent; (2) Dr. Irwin did not complete any objective testing and relied on plaintiff's self-reports, which were not fully credible; and (3) Dr. Irwin did not assess marijuana use/dependence as a cause of plaintiff's marked issues with stress, despite plaintiff's regular consumption of cannabis capsules (Tr. 46).  These reasons are not specific and legitimate reasons supported by substantial evidence sufficient to reject the opinion of an examining psychiatrist.  *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining psychiatrist.  *Lester*, 81 F.3d at 830 (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502,

506 (9th Cir. 1990)). Even if an examining psychiatrist's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester,* 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). In addition, the ALJ must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998) (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Plaintiff concedes that the specific and legitimate standard applies to the ALJ's rejection of Dr. Irwin's opinion. Dkt. No. 18, p. 8. Although the ALJ's residual functional capacity ("RFC") assessment was consistent with many of Dr. Irwin's findings, the RFC did not accommodate Dr. Irwin's opinion that plaintiff would have marked limitations in her ability to complete a normal workday or workweek without interruption from a psychiatric condition (Tr. 499). Dr. Irwin defined the term marked as "a serious limitation" and "a substantial loss in the ability to effectively function." Tr. 491. This aspect of Dr. Irwin's opinion is significant because the vocational expert ("VE") testified that a worker who was off task at least 20 percent of the time would be unable to sustain competitive employment and that a worker who was absent two or more days per month would be unable to retain work in an unskilled position (Tr. 79).

A. Internal inconsistency.

The first reason offered by the ALJ, that Dr. Irwin's opinion that plaintiff had marked limitations in interacting appropriately with supervisors was internally inconsistent with Dr. Irwin's opinion that plaintiff had mild limitations in accepting

instructions from supervisors, was a specific and legitimate reason supported by substantial evidence sufficient to reject Dr. Irwin's opinion regarding plaintiff's supervisory limitations (*compare* Tr. 492 *with* Tr. 499).  *See Lester*, 81 F.3d at 830-31.  An ALJ may properly reject the opinion of an examining doctor that is internally inconsistent.  *See Bayliss,* 427 F.3d at 1216 (discrepancies in a doctor's assessment of a claimant's limited ability to walk and stand and doctor's clinical notes, observations and opinions regarding the same "is a clear and convincing reason for not relying" on the assessment).  The ALJ reasonably resolved the conflict in Dr. Irwin's findings by adopting Dr. Irwin's opinion that plaintiff would have mild limitations in accepting instructions from supervisors and including no supervisory limitations in the RFC (*see* Tr. 38).

      Plaintiff further argues that Dr. Irwin's opinions that plaintiff would have marked limitation in responding to changes in a routine work setting and marked limitations in interacting appropriately with the public and coworkers were not inconsistent with Dr. Irwin's opinion regarding plaintiff's mild impairment in accepting instructions from a supervisor (*compare* Tr. 492 *with* Tr. 499).  This Court agrees with plaintiff's argument, however, this error in the ALJ's reasoning was harmless because the ALJ accommodated plaintiff's difficulty responding to changes in a routine work setting, as well as plaintiff's difficulty interacting with the public and coworkers, by limiting plaintiff to work that does not require interaction with the public or coworkers, and does not require changes in work settings or work processes (*see* Tr. 38).  *See Molina v. Astrue,* 674 F.3d 1104, 1117-1122 (9th Cir. 2012) (in the context of social security appeals, legal errors committed by

the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole); *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009).

The Commissioner identifies no additional inconsistencies in Dr. Irwin's opinion; and, importantly, no inconsistencies in Dr. Irwin's opinion regarding plaintiff's ability to complete a normal workday or workweek without interruption from a psychiatric condition (*see* Tr. 491-99). Although the ALJ's rejection of Dr. Irwin's opinion regarding plaintiff's supervisory limitations was proper, the inconsistency identified by the ALJ, without more, does not constitute substantial evidence sufficient to reject the remaining aspects of Dr. Irwin's opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) For this reason, evaluation of the two remaining reasons offered by the ALJ to reject Dr. Irwin's opinion is necessary.

B. <u>Reliance on subjective complaints.</u>

The second reason offered by the ALJ, that Dr. Irwin did not complete any objective testing and relied on plaintiff's subjective complaints, is not supported by substantial evidence in the record. *See Lester*, 81 F.3d at 830-31. In conjunction with the consultative examination, Dr. Irwin conducted a record review, clinical interview and mental status examination ("MSE")(Tr. 494-98). Dr. Irwin documented several abnormalities on MSE including: unusual behavior "in which [plaintiff] sits down in the chair sideways to the examiner"; no eye contact; restricted, sad, and tearful affect; impaired abstract thinking; and markedly impaired judgment (Tr. 491-92, 498-99). Dr. Irwin supported her assessment of plaintiff's functional limitations by referencing these

abnormalities (*see* Tr. 492 (regarding the ability to respond appropriately to usual work situations and to changes in a routine work setting "[Plaintiff's] behavior was observed as unusual during the evaluation. She sat at a ninety degree angle to the examiner and put her feet up on a chair… and had zero eye contact, staring out the window."), Tr. 499 ("[Plaintiff's] ability to accept instruction from supervisors is mildly impaired as she makes no eye contact" and "[Plaintiff's] ability to complete a normal workday or workweek. . . is markedly impaired due to" markedly impaired judgment on MSE, no eye contact, paranoid ideation, difficulty in social interaction, and avoidance of people and crowds. )). The abnormalities referenced by Dr. Irwin are objective findings and are sufficient to support Dr. Irwin's opinion regarding plaintiff's functional limitations. *See* Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 4 (Oxford University Press 1993) ("Like the physical examination, the [MSE] is termed the *objective* portion of the patient evaluation.") (emphasis in original).

　　　　The Court notes that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation. The [MSE] allows the organization, completion and communication of these observations." *Id.* at 3. The MSE generally is conducted by medical professionals skilled and experienced in psychology and mental health. A mental health professional is trained to observe patients for signs of their mental health not rendered obvious by the patient's subjective reports, in part because the patient's self-reported history is "biased by their understanding, experiences, intellect and personality" (*id.* at 4), and, in part, because it is not uncommon for a person

1  suffering from a mental illness to be unaware that her "condition reflects a potentially
2  serious mental illness." *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)
3  (citation omitted).
4        Although an ALJ may properly reject the opinion of an examining psychiatrist
5  based primarily on a claimant's subjective complaints, the record does not indicate that
6  Dr. Irwin's opinions lacked objective support or were premised to a large extent on
7  plaintiff's own accounts of her symptoms. *See Tonapetyan v. Halter*, 242 F.3d 1144,
8  1149 (9th Cir. 2001) (ALJ may disregard medical opinion that lacks objective support
9  and is premised on a claimant's complaints where the record supports the ALJ in
10 discounting claimant's credibility); *Morgan v. Comm'r of the Soc. Sec. Admin,*, 169 F.3d
11 595, 601 (9th Cir. 1999) (opinion of a physician premised to large extent on claimant's
12 own accounts of her symptoms and limitations may be disregarded where those
13 complaints have been properly discounted).  To the contrary, as discussed previously, Dr.
14 Irwin supported her opinions regarding plaintiff's functional limitations by referencing
15 multiple objective findings from the MSE (*see* Tr. 492, 499).  As such, the second reason
16 offered by the ALJ to reject Dr. Irwin's opinion was not based on substantial evidence in
17 the record sufficient to properly disregard the opinion of an examining psychiatrist.  *See*
18 *Lester*, 81 F.3d at 830-31.
19     C.  <u>Marijuana use/dependence.</u>
20       The third reason offered by the ALJ to reject Dr. Irwin's opinion, that Dr. Irwin
21 did not assess marijuana use/dependence as a cause of plaintiff's marked issues with
22 stress, is not a legitimate reason for rejecting the medical opinion of an examining

psychiatrist. *See Lester*, 81 F.3d at 830-31. In offering this rationale to reject Dr. Irwin's medical opinion, the ALJ impermissibly attempts to substitute his own opinion for that of Dr. Irwin. *See Gonzalez Perez v. Sec'y of Health and Human Serv.*, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not substitute own opinion for findings and opinion of physician); *McBrayer v. Sec'y of Health and Human Serv.*, 712 F.2d 795, 799 (2nd Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion); *Gober v. Mathews,* 574 F.2d 772, 777 (3rd Cir. 1978) (ALJ not free to set own expertise against that of physician who testified before him).

An ALJ is free to choose "between properly submitted medical opinions." *Gober*, 574 F.2d at 777. However, the ALJ may not base his decision on "his own expertise." *See Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982) (ALJ should avoid commenting on meaning of objective medical findings without supporting medical expert testimony). Dr. Irwin's report and medical source statement make it apparent that Dr. Irwin considered plaintiff's current and historical drug and alcohol use in forming her medical opinion regarding plaintiff's functional limitations (see Tr. 492 (noting impact of plaintiff's medications, including cannabis capsules, on plaintiff's functional limitations and opining that plaintiff is at risk of relapse with alcohol if she runs out of or cannot afford medications), Tr. 494-96 (describing alcohol and drug abuse)). Moreover, no doctor in the record attributed plaintiff's difficulties handling stress to marijuana use. For these reasons, the ALJ did not provide specific and legitimate reasons supported by substantial evidence to reject the medical opinion of Dr. Irwin. *See Lester*, 81 F.3d at 830-31.

## CONCLUSION

The ALJ erred by failing to provide legally sufficient reasons to reject Dr. Irwin's medical opinion that plaintiff had a substantial loss in the ability to complete a normal workday or workweek without interruption from a psychiatric condition. This error is significant because, according to the VE, this limitation would preclude an individual from retaining unskilled work. Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 11**,** 2014, as noted in the caption.

Dated this 20th day of June, 2014.

J. Richard Creatura
United States Magistrate Judge